**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JASON BLAINE SCOTT, as ) <br> Special Administrator of ) <br> the Estate of Roger Blaine ) <br> Scott, Deceased, ) <br> ) <br>              Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE ESTATE OF JAMES HERSHEL; ) <br> and STATE AUTO INSURANCE ) <br> COMPANIES, a Foreign ) <br> Corporation, ) <br> ) <br>              Defendants. ) | Case No. CIV-15-014-KEW |

## OPINION AND ORDER

This matter comes before the Court on Defendant Estate of Hershel's Motion to Remand (Docket Entry #31). Plaintiff filed this action on November 25, 2014 in the District Court in and for McCurtain County, Oklahoma, alleging negligence against Defendant Estate of James Hershel (the "Estate") in connection with an automobile collision which resulted in the death of both Roger Blaine Scott and James Hershel. Plaintiff asserts claims of breach of contract and breach of the implied duty of good faith and fair dealing against his insurer, Defendant State Auto Insurance Companies ("State Auto").[1] State Auto was served by Plaintiff on or about December 11, 2014. State Auto removed the case to this Court on January 9, 2015 based upon diversity jurisdiction. The

---

[1] This Court acknowledges State Auto's reference in several documents filed in this case, including the Notice of Removal, that it has been improperly named and should have been identified as "State Auto Property & Casualty Insurance Company." For purposes of uniformity, this Opinion and Order will maintain the identity of the named Defendant as it is set forth in the Petition which originally initiated this action.

Notice of Removal did not state whether the Estate joined in the removal.

After seeking extensions to do so, Plaintiff obtained service upon the Estate on or about August 18, 2015. The Estate now seeks the remand of this case to state court because it does not consent to its removal to this Court.

The removal of an action from state court to federal court requires a defendant to file a notice of removal within thirty (30) days after the service of summons. 28 U.S.C. § 1446(b). If the removal is made solely under Section 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Generally, a defendant must file a motion to remand which is based on any defect other than the lack of subject matter jurisdiction within thirty (30) days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

Should a defendant not be served at the time of removal, process may be served or new process issued in the same manner as cases which are originally filed in federal court. This section provides that its terms "shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case." 28 U.S.C. § 1448.

State Auto contends the Estate's Motion is untimely because

the basis for remand is procedural rather than jurisdictional, thereby requiring that the request be filed within thirty days after the filing of the notice of removal.  The unanimity requirement is considered a procedural defect and a motion to remand on that basis must be filed within thirty days of the filing of the notice of removal.  Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp., 98 Fed. Appx. 752, 756 (10th Cir. 2004); Backman v. Fred Meyer Stores, Inc., 402 F.Supp.2d 1342, 1346-47 (D. Utah 2005).  The Notice of Removal was filed on January 9, 2015 and the motion to remand was filed on September 8, 2015, well outside of the thirty day requirement.  As a result, the Estate's motion to remand is considered untimely.

The Estate contends it did not have an opportunity to object to the removal of the action because it was not served until August 18, 2015.  However, as State Auto asserts, the consent of unserved defendants is not necessary for removal in accordance with the express language of the statute.  Sheldon v. Khanal, 502 Fed. Appx. 765, 770 (10th Cir. 2012). While at first blush this may appear to be an unfair result, this Court cannot ignore the statutory mandate.

IT IS THEREFORE ORDERED that the Motion to Remand filed by Defendant Estate of James Hershel (Docket Entry #31) is hereby **DENIED**.

IT IS SO ORDERED this 15th day of September, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE