# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON BLAINE SCOTT, as Special Administrator of the Estate of Roger Blaine Scott, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF JAMES HERSHEL; and STATE AUTO INSURANCE COMPANY d/b/a STATE AUTO INSURANCE COMPANIES, a Foreign Corporation,<br><br>Defendants. | Case No. CIV-15-014-KEW |

## OPINION AND ORDER

This matter comes before the Court on Defendant State Auto Property & Casualty Insurance Company's Motion to Dismiss (Docket Entry #64). Plaintiff initiated this action in the District Court in and for McCurtain County, Oklahoma on November 25, 2014. The Action was removed to this Court on January 9, 2015. The parties consented to the jurisdiction of the undersigned on September 17, 2015. Plaintiff amended the Complaint on January 18, 2017.

In this action, Plaintiff alleges that on March 22, 2013, James Hershel negligently and recklessly operated his vehicle to cause an employee of Shawn Gibson Logging, who was operating a semi-tractor trailer, to negligently strike the vehicle operated by Roger Blaine Scott. The accident resulted in Mr. Scott's and Mr. Hershel's death.

Plaintiff contends that, at the time of the collision, Mr.

Scott was insured by an uninsured/underinsured motorist ("UM/UIM") and personal injury protection ("PIP") policy issued by Defendant State Auto Property & Casualty Insurance Company d/b/a State Auto Insurance Companies ("State Auto"). Plaintiff asserts State Auto failed to tender Mr. Scott's UM/UIM or PIP coverage benefits, despite being notified of the accident and death of Mr. Scott.

In this action, Plaintiff asserts a claim against State Auto for breach of contract, alleging State Auto refused or unreasonably neglected to pay the UM/UIM or PIP coverage owed under the policy it issued. Plaintiff also asserts a claim for breach of the duty of good faith and fair dealing against State Auto, alleging some 13 separate bases for bad faith, including that it failed to pay under the policy when it knew Plaintiff was entitled to the policy's benefits, unreasonably delaying payment, shifting the obligation to investigate the claim to Plaintiff, failing to investigate the claim, failing to properly evaluate the claim, and failing to act in good faith to settle the claim.

State Auto requests that this action be dismissed, alleging that the action is governed by Texas law. Under Texas law, State Auto alleges it owed not contractual duty to tender UM/UIM benefits to Plaintiff until he obtained judgment establishing the tortfeasor's liability. State Auto states it follows that bad faith cannot exist without a breach of an insurance contract so

2

this action should be dismissed in toto for the failure to state a claim for which relief can be granted.

A plaintiff's claims are required to meet the plausibility standard enunciated in United States Supreme Court cases of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  Clearly, <u>Bell Atlantic</u> changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. <u>Khalik v. United Airlines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted).  <u>Bell Atlantic</u> stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) quoting <u>Bell Atlantic</u>, 550 U.S. at 570.  The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." <u>Bell Atlantic</u>, 550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint: if

they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). Khalik, 671 F.3d at 1191. Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 93.

As an initial matter, Plaintiff does not appear to challenge State Auto's assertion that Texas law governs the interpretation of the insurance contract at issue and any claim for breach of the contract in this case since Oklahoma's choice-of-law rules require that the laws of the state where the motor vehicle is registered or principally garaged be applied. *See* Bernal v. Charter County Mutual Ins., 209 P.3d 309, 316 (Okla. 2009). Moreover, Plaintiff does not contest State Auto's position that Texas law would control on Plaintiff's claim for breach of the implied duty of good faith and fair dealing since that state has the most significant

4

relationship to the breach.  See Martin v. Gray, 385 P.3d 64, 67 (Okla. 2016).  As a result, this Court will apply Texas law on both claims against State Auto.

On the breach of insurance contract claim, State Auto contends that the policy terms and Texas law only requires the payment of UM/UIM coverage after the insured obtains a judgment establishing liability and the underinsured status of the tortfeasor since Plaintiff's recovery on the UM/UIM policy is limited to the amount he is "legally entitled to recover" from the tortfeasor.  State Auto cites to case authority in Texas which indicates that neither a settlement nor an admission of liability from the tortfeasor will establish UIM coverage, "because a jury could find that the other motorist was not at fault or award damages that do not exceed the tortfeasor's liability insurance."  Brainard v. Trinity Universal, Ins. Co., 216 S.W.3d 809, 818 (Tex. 2006).  The same case prefaces the above condition by stating, "[o]f course, the insured is not required to obtain a judgment against the tortfeasor. . . . The insured may settle with the tortfeasor, as Brainard did in this case, and then litigate UIM coverage with the insurer."  Id.

The facts of this case are somewhat muddled in light of the requirements of Texas law.  Plaintiff represents that the $25,000.00 primary liability policy limits of the tortfeasor's insurance has been tendered which may represent a settlement of

5

that party's claims. While Defendant Estate of Hershel has not been dismissed from this case, the issue of breach of the UM insurance contract with State Auto may be ripe for adjudication. Whether it be through the claim against the Estate of Hershel or through the breach of contract action against State Auto, Plaintiff will be required to establish the liability and damages of the tortfeasor at trial.

State Auto also asserts the claim for breach of contract for the failure to pay PIP benefits should be dismissed because the policy requires "proof of loss" and Plaintiff did not provide a proof of loss as State Auto allegedly requested. This allegation necessarily requires a more significant delving into the facts of the case which exceeds the scope of a motion to dismiss.

To confuse the matter further, State Auto contends a bad faith action cannot be maintained without a breach of an insurance contract, citing Smith v. Allstate Ins., 2007 WL 677992, at *5 (S.D. Tex. Feb. 27, 2007). The standard under Texas law for evaluating insurer bad faith is whether UM/UIM coverage was "reasonably clear", which does not require a judgment establishing tortfeasor liability as a prerequisite to bringing the bad faith claim. *See* Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 880-81 (5th Cir. 2004). This result would necessarily mean that a insurer bad faith action can be brought without a breach of

6

contract action since an adjudication of tortfeasor liability and damages is required for a UM/UIM breach of contract claim but not for a UM/UIM bad faith claim.  At this stage of the proceedings, the breach of the implied duty of good faith and fair dealing claim will be permitted to be maintained as a plausible cause of action under the facts presented.

IT IS THEREFORE ORDERED Defendant State Auto Property & Casualty Insurance Company's Motion to Dismiss (Docket Entry #64) is hereby **DENIED**.

IT IS SO ORDERED this 29th day of September, 2017.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE